IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **TIMOTHY JOHNSON** | * | Civil Action No.: |
| 1111 Slater Road | * | |
| Baltimore, Maryland 21225 | * | |
| Resident of Baltimore City | * | Collective Action Claims |
| | * | |
| And | * | |
| | * | Class Action Claim |
| **VINCENT SMITH** | * | |
| 105 South Wickham Road | * | |
| Baltimore, Maryland 21229 | * | <u>Jury Trial Requested</u> |
| Resident of Baltimore City | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **SYSTEMS CONNECTION OF MARYLAND,** | * | |
| **INC.** | * | |
| 8839 Greenwood Place | * | |
| Savage, Maryland 20763 | * | |
| | * | |
| Serve: Francis Macdougall, Resident Agent | * | |
| 233 East Redwood Street | * | |
| Baltimore, Maryland 22102 | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>COMPLAINT FOR WAGES OWED</u>**

Plaintiffs, TIMOTHY JOHNSON and VINCENT SMITH ("Plaintiffs"), by and through their attorneys, Joseph E. Spicer and The Law Offices of Peter T. Nicholl, hereby submit their Complaint against SYSTEMS CONNECTION OF MARYLAND, INC., Defendant, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); and unpaid wages, interest, reasonable attorneys'

1

fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq*. (hereinafter, "MWHL"): and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq*. (hereinafter, "MWPCL"), and in support thereof, state as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from a common scheme devised by Defendant to avoid paying Plaintiffs and others similarly situated their wages owed. As described herein, Defendant is a private organization that provides furniture moving and installation services to various commercial and governmental facilities in the Baltimore, Virginia and Washington DC areas. Defendant hired Plaintiffs and other similarly situated employees to work as furniture installers. However, Defendant failed to compensate Plaintiffs and others for all hours worked.

Defendant completed these illegal acts by not paying Plaintiffs and others similarly situated for overtime until Plaintiffs had completed forty-three and one-half (43.5) hours worked. Defendant also did not pay Plaintiffs for the time they spent driving back to Defendants workshop after a job was completed. Finally, Defendant did not pay Plaintiffs the proper scale wage that was owed to them while working on government jobsites.

## THE PARTIES

1.  Plaintiff, Timothy Johnson (hereinafter, "Johnson" and/or "Plaintiff") and is an adult resident of Baltimore City.

2.  Plaintiff, Vincent Smith (hereinafter, "Smith" and/or "Plaintiff") and is an adult resident of Baltimore City.

3. Defendant, Systems Connection of Maryland, Inc. (hereinafter, "Systems Connection" and/or "Defendant") is a furniture service company that provides dealers and end users with installation, delivery, transportation and storage of furniture and office equipment. They have been involved with projects for commercial buildings, military bases, government facilities, hospitals and hotels. Systems Connection has its principal business office in Savage, Maryland.

4. Due to the nature of its business, the Defendant is subject to the FLSA, MWHL and the MWPCL.

5. Due to the amount in revenues generated by Defendant Systems Connection, is subject to the FLSA, MWHL and the MWPCL; the Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

6. At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce by the nature of their duties performed as part of their employment with the Defendant.

7. Plaintiffs worked for the Defendant, who, at all times throughout Plaintiffs' employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d), MWHL, § 3-401(b) and MWPCL § 3-501(b).

8. At all times relevant, Plaintiffs and others similarly situated worked as hourly employees for the Defendant.

9. From approximately June 9, 2009 to approximately November 24, 2015, Plaintiff Johnson worked for the Defendant as a furniture installer.

10. From approximately January 25, 2005 to approximately November 15, 2015, Plaintiff Smith worked for the Defendant as a furniture installer.

11. At all times relevant to this Complaint, the Defendant controlled the administration of its business and set employee schedules, including that of Plaintiffs and other similarly situated employees.

12. The Defendant was actively engaged in the management and direction of Plaintiffs and others similarly situated.

13. The Defendant possessed and exercised authority to determine the hours worked by Plaintiffs and others similarly situated.

14. The Defendant had the authority to control Plaintiffs' tasks and the tasks of others similarly situated.

15. The Defendant had the power and authority to change the nature of the duties of Plaintiffs and others similarly situated.

16. Plaintiffs and other members of the putative class recognized Defendant's authority and obeyed Defendant's instructions.

17. The Defendant made all decisions relating to the rates and methods of pay of Plaintiffs and others similarly situated.

## JURISDICTION AND VENUE

18. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

19. Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland.

**FACTUAL ALLEGATIONS FOR ALL CLAIMS**

20. Plaintiffs and others similarly situated were employed by the Defendant to work as furniture installers (hereinafter "installers") for System Connections in Savage, Maryland. During the course of their employment, Plaintiffs and others similarly situated performed duties relating to the installation, delivery, transportation and storage of furniture and office equipment.

21. Beginning at 5:30 a.m., Plaintiffs would arrive at the shop to begin loading the trucks with the materials they would need at the jobsites. Depending on the job that was scheduled for the day, it was not always required that the Plaintiffs arrive at the warehouse prior to beginning the workday. Plaintiffs could transport themselves with their personal vehicles to the jobsites, if they lived close enough to the jobsite, if they did not require a certain security clearance to enter the jobsite, or if the job was a continuation from the previous day and all the materials were already on site.

22. While on the jobsite, Plaintiffs would unload the trucks, transport the furniture and equipment by hand to the locations inside the facilities, and begin to assemble the furniture.

23. Once each job was completed, Plaintiffs were required to return to the warehouse to drop-off equipment used during the day, store excess furniture or dispose of discarded furniture that the client no longer needed. Plaintiffs were not paid for this drive time returning to the warehouse.

24. Additionally, Plaintiffs were only paid one and one-half (1.5) times for hours worked over forty-three and one-half (43.5) hours, not after forty (40) hours as the FLSA and MWHL require.

25. Plaintiffs were also not paid the appropriate scale wage on numerous jobs over the course of their employment.

26. Many of the contracts that Defendant was awarded involved federal facilities. For each of those jobs, there would be a scale wage that was the required wage that was to be paid to those working on that jobsite.

27. For the majority of their employment, Plaintiffs were not paid the correct scale wage on the federal jobsites they worked on.

28. During the entire period of time relevant to this lawsuit, Plaintiffs were hourly employees and were paid on a weekly basis.

29. During the entire period of time relevant to this lawsuit, Plaintiff Johnson was paid $15.25 per hour.

30. During the entire period of time relevant to this lawsuit, Plaintiff Smith was paid $16.25 per hour.

31. Plaintiffs did not have the authority to produce schedules for other employees

32. Plaintiffs did not take part in the process of interviewing prospective employees.

33. Plaintiffs had no discretion in the performance of their duties.

34. Plaintiffs exercised no control, nor did they have the authority to do so, over Defendant's management policies.

35. Plaintiffs exercised no independent judgment over matters of significance.

36. For the duration of their employment, Plaintiffs performed no analysis.

37. Plaintiffs and others similarly situated did not supervise other employees.

38. Plaintiffs and others similarly situated did not have the authority to hire or fire other employees.

39. Plaintiffs and others similarly situated did not interpret any information.

40. Plaintiffs and others similarly situated did not write any reports.

41. Plaintiffs and others similarly situated made no recommendations.

42. Plaintiffs and others similarly situated had no discretion in performing any of their assigned tasks.

43. Plaintiffs satisfied the requirements of their job and adequately performed their duties to benefit Defendant, as well as Defendant's customers.

44. For the duration of their employment, Plaintiffs' schedule consisted of anywhere from a fifty (50) to a sixty (60) hour workweek, depending on the needs of the particular job that Plaintiffs were assigned for that given week.

45. Plaintiffs had a regular schedule of 5:30 a.m. until 3:30 p.m. Monday through Friday.  However, Plaintiffs would routinely work beyond this set schedule.

46. The Defendant enacted the practices discussed above in order to evade both Federal and Maryland wage laws.  These practices directly resulted in Plaintiffs and others similarly situated not being paid overtime wages.

47. There is no bona fide dispute that Plaintiffs and others similarly situated are owed overtime wages for hours worked over forty (40) in a workweek.  The Defendant, acting in bad faith, withheld these overtime wages.  At no time did Plaintiffs' duties include work that would make him exempt from the FLSA, MWHL and the MWPCL provisions requiring that he be paid overtime wages.  There is no justifiable basis for Plaintiffs being identified as salaried employees.

48. The nature of Plaintiffs' duties did not excuse the Defendant from paying Plaintiffs overtime pay ("time-and-a-half") for hours worked in excess of forty (40) in a workweek.

49. Plaintiffs' responsibilities as furniture installers did not require an advanced degree or specialized intellectual instruction or study.

50. Plaintiffs and others similarly situated retained no discretion in performing any of their assigned duties.

51. The Defendant knew that Plaintiffs and others similarly situated customarily worked over forty (40) hours per week and suffered and/or permitted Plaintiffs and others similarly situated to work these overtime hours.

52. Due to the nature of Plaintiffs' duties, the Defendant required Plaintiffs to work more than forty (40) hours per workweek.

53. Consequently, Plaintiffs seeks the wages they are entitled to and other available relief through this complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54. The Defendant employed Plaintiffs and others similarly situated to work as furniture installers.

55. The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

56. The Defendant knew that Plaintiffs and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others similarly situated to work more than forty (40) hours per week.

57. The Defendant knew, or should have known, that Plaintiffs and those similarly situated were entitled to their regular rate of pay for each hour of work and overtime payments for hours worked in excess of forty (40) in a workweek.

58. Pursuant to the FLSA, Plaintiffs commence this collective action against the Defendant on behalf of themselves and those similarly situated for the payment of wages owed for all hours worked and an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

59. Plaintiffs consent to be party plaintiffs in this matter; Plaintiffs' consent forms are attached to this complaint as Exhibit A and Exhibit B. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

60. There are numerous similarly situated current and former employees of the Defendant that have been harmed by the Defendant's common scheme to underpay its employees and violate the FLSA.

61. These similarly situated persons are known to the Defendant and are readily identifiable through the Defendant's records.

62. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

63. Upon information and belief, others will choose to join Plaintiffs in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

**CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS**

64. Plaintiffs bring this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other current and former employees that served as furniture installers for the Defendant and were subject to the following practices and policies:

65. Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek.

66. Plaintiffs are members of the proposed class they seek to represent.

67. The claims alleged by Plaintiffs are typical of the claims of the proposed class members.

68. The potential members of the class are sufficiently numerous that joinder of all class members is impractical.

69. There are questions of law and fact common to the class that predominates over any questions exclusive to the individual class members.

70. Counsel for the proposed class is qualified in litigating MWHL class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

71. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

**CAUSES OF ACTION AND VIOLATIONS OF LAW**

*Count I.  Violation of the FLSA: Failure to Pay Overtime Wages*

72.  Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

73. Plaintiffs are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

74. As described above, Plaintiffs have not received from the Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; the Defendant failed to compensate Plaintiffs for these additional hours.

75. The Defendant willfully and intentionally failed to compensate Plaintiffs for the overtime wages they are owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for the Defendant.

76. Under the FLSA, Plaintiffs are entitled to additional wages from the Defendant to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count II.  Violation of MWHL: Failure to Pay Overtime Wages*

77. Plaintiffs hereby fully incorporates in this Count all allegations contained within Plaintiffs' Complaint.

78. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

79. Plaintiffs have not received compensation from the Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

80. The Defendant willfully and intentionally did not compensate Plaintiffs for the overtime wages they were owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for the Defendant.

81. Under MWHL, Plaintiffs are entitled to additional wages from the Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count III. Violation of the MWCPL: Failure to Pay Wages Owed*

82. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

83. Plaintiffs are entitled to wages under the Maryland Wage Payment Collection Law, Labor and Employment §§3-501 *et. seq.*, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

84. In accordance with §3-505(a), Plaintiffs have not received compensation from the Defendant for all wages owed for work performed before the termination of their employment.

85. The Defendant willfully and intentionally did not compensate Plaintiffs for the wages owed to them and continued to violate the MWPCL, even after Plaintiffs informed the Defendant of the violation.

86. Under the MWPCL, there is no bona fide dispute that Plaintiffs are owed wages for work performed while employed by the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

b) Designation of this action as a class action on behalf of Plaintiffs and all members of the proposed class;

c) Judgment against the Defendant for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by the FLSA;

d) Judgment against the Defendant for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by MWHL;

e) An award against the Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and those similarly situated;

f) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

g) An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by the Defendant;

h) Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

i) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and those similarly situated.

Respectfully submitted,

_____/s/_____
Joseph Spicer, Esquire #27839
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Telephone No.: (410) 244-7005
Fax No.: (410) 244-8454
E-mail: jspicer@nicholllaw.com
Attorney for Plaintiff