IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIMOTHY JOHNSON,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-16-630 |
| **SYSTEMS CONNECTION OF MARYLAND, INC.,** | * | |
| | * | |
| Defendant | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Timothy Johnson and Vincent Smith ("Plaintiffs") brought a putative collective and class action against Systems Connection of Maryland, Inc. ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* Now pending before the Court is Defendant's Partial Motion to Dismiss (ECF No. 5) with respect to Plaintiffs' allegations concerning a "scale" or prevailing wage. The issues have been briefed, and no hearing is required, *see* Local Rule 105.6 (D. Md. 2014). For the reasons explained below, Defendant's motion shall be GRANTED.

I.   *Factual Overview*[1]

Defendant, a "furniture service company," employed Plaintiffs as furniture installers. Plaintiff Johnson worked for Defendant from June 9, 2009, through November 24, 2015; Plaintiff Smith worked from January 25, 2005, through November 15, 2015. (ECF No. 1 ¶¶ 3,

---

[1] The facts are recited here as alleged by Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

9-10.) Plaintiffs' work involved loading and unloading trucks, transporting furniture and equipment, and assembling furniture at worksites. (*Id.* ¶¶ 21-22.) Plaintiffs allege that Defendant failed to pay them for the time they spent traveling from worksites back to their warehouse. (*Id.* ¶ 23.) Plaintiffs further contend that they were paid overtime wages only for those hours that they worked in excess of 43.5 hours per week. (*Id.* ¶ 24.) Finally, and as relevant here, Plaintiffs allege that they were undercompensated on certain federal contracts. (*Id.* ¶ 25.)

Plaintiffs filed suit on March 3, 2016 (ECF No. 1); Defendant filed the pending Partial Motion to Dismiss on May 9, 2016 (ECF No. 5). Plaintiffs filed a response in opposition (ECF No. 8), and Defendant replied (ECF No. 9). Defendant's motion is ripe for decision.

## II.   Standard of Review

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a Rule 12(b)(6) motion, the Court views all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## III.   Analysis

Plaintiffs' Complaint is not the picture of clarity. In their "Introduction and Background," Plaintiffs describe three purported violations: (1) Defendant's failure to pay all

overtime due and owing; (2) Defendant's failure to compensate Plaintiffs for certain travel time; and (3) Defendant's failure to pay Plaintiffs the "proper scale wage that was owed to them while working on government jobsites." (ECF No. 1 at 2.) Elsewhere in their Complaint, Plaintiffs allege that many of Defendant's contracts involved "federal facilities" and that, for such contracts, "there would be a scale wage that was the required wage that was to be paid to those working on that jobsite." (*Id.* ¶ 26.) Plaintiffs contend that for the "majority [*sic*] of their employment, [they] were not paid the correct scale wage on the federal jobsites they worked on." (*Id.* ¶ 27.) Yet under Counts I (FLSA) and II (MWHL), Plaintiffs cite only purported overtime violations: they make no mention of a "scale" wage (or, for that matter, travel time). And under Count III (MWPCL), Plaintiffs merely allege that they have "not received compensation from the Defendant for all wages owed for work performed before the termination of their employment," without elaborating on how these outstanding "wages" break down.

Understandably unsure of the precise contours of Plaintiffs' Complaint, Defendant filed the pending Partial Motion to Dismiss, contending that (1) insofar as Plaintiffs seek to recover the difference between a federal prevailing wage and the wages they were actually paid, such a claim is not cognizable under the FLSA, the MWHL, or the MWPCL; and (2) while the Davis–Bacon Act, 40 U.S.C. §§ 3141 *et seq.*, does prescribe prevailing wages for certain construction contracts involving public buildings and public works, there is no private right of action under that statute. (ECF No. 5–1 at 2.) In their response brief, Plaintiffs do not dispute either of Defendant's contentions: instead, Plaintiffs assert that they "do not ask for any relief or seek to recover damages related to the Defendant's failure to pay a prevailing wage under the Davis-Bacon Act" but, instead, are "merely seeking relief under the FLSA, MWHL and the MWPCL related to overtime wages." (ECF No. 8–1 at 5.)

The Court could simply take Plaintiffs at their word and end the matter here. However, given that Plaintiffs' Complaint plainly *does* include allegations relating to a "scale" wage, and in the interest of setting a smooth course for these proceedings, the Court adds the following three observations.

First, while Plaintiffs do not expressly cite the Davis–Bacon Act in their Complaint, their description of a "scale wage that was the required wage" for jobs performed at federal facilities (ECF No. 1 ¶ 26) seemingly invokes the Act, which prescribes a prevailing wage for "every contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for construction, alteration, or repair, including painting and decorating, of public buildings and public works . . . ." 40 U.S.C. § 3142(a). If Plaintiffs' counsel had some other authority in mind when he drafted the Complaint, he has not apprised the Court of that authority: he does not, for instance, cite some other statute that entitles Plaintiffs to a higher-than-minimum wage, nor does he suggest that the purported "scale" wages were contractually prescribed.

Second, the vast majority of federal courts to consider the question have held that the Davis–Bacon Act "contains no general private right of action for workers seeking back pay" but "only authorizes a private right of action after certain administrative mechanisms designed to ensure adequate payment have failed." *McClean v. Phila. Hous. Auth.*, Civ. Action No. 12-cv-4706, 2013 WL 787032, at *4 (E.D. Pa. Mar. 1, 2013); *see also United States ex rel. Krol v. Arch Ins. Co.*, 46 F. Supp. 3d 347, 353 (S.D.N.Y. 2014) (explaining that laborers who perform under contracts governed by the Davis–Bacon Act may seek relief under section 3 of the Act, 40 U.S.C. § 3144(a)(2), only if (1) "funds withheld by the [contracting] agency are insufficient to fully reimburse all laborers who are entitled to prevailing wages" and (2) "either the contracting agency or the [Department of Labor] . . . has administratively determined that the contractor or

subcontractor has failed to pay prevailing wages"). Apart from the narrow remedy set forth in section 3, there "is no implied right of private action under the Davis-Bacon Act," *Bane v. Radio Corp. of Am.*, 811 F.2d 1504, 1987 WL 35851, at *1 (4th Cir. 1987) (unpublished table decision); *see also Duran–Quezada v. Clark Constr. Grp., LLC*, 582 F. App'x 238, 239 (4th Cir. 2014) (per curiam) (agreeing with the "majority of . . . sister Circuits to address this question . . . that 'neither the language, the history, nor the structure of the [Davis–Bacon Act] supports the implication of a private right of action'" (quoting *United States ex rel. Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309, 1317 (5th Cir. 1980))); *Robinson v. Ohio Hous. Fin. Agency*, No. 1:11-cv-352, 2011 WL 7789840, at *4 (S.D. Ohio Dec. 15, 2011) (collecting cases), *adopted as modified*, 2012 WL 1564312 (S.D. Ohio May 2, 2012). Thus, had Plaintiffs expressly included a Davis–Bacon count in their Complaint, that count would fail because Plaintiffs do not aver that they have pursued any administrative remedies with respect to their unpaid "scale" wages; for that matter, the relevant allegations in Plaintiffs' Complaint are so vague and conclusory that the Court cannot even ascertain which contracting agencies, if any, might have shared responsibility with the Department of Labor for determining whether Defendant failed to pay such wages.

Third, Plaintiffs' FLSA, MWHL, and MWPCL counts are inappropriate vehicles for obtaining back wages as prescribed by the Davis–Bacon Act. The FLSA and the MWHL supply parallel guarantees of minimum-wage and overtime compensation, *compare* 29 U.S.C. §§ 206–07, *with* Md. Code Ann., Lab. & Empl. §§ 3-413, -415, but neither statute provides for a "scale" or prevailing wage. The MWPCL is broader in the sense that it defines a "wage" as "all compensation that is due to an employee for employment," Md. Code Ann., Lab. & Empl. § 3-501(c)(1). However, federal courts have repeatedly rejected attempts by litigants to avert the administrative requirements of the Davis–Bacon Act by cloaking inherently Davis–Bacon claims

in the garb of state law. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Since . . . no private right of action exists under the [Davis–Bacon Act], the plaintiffs['] efforts to bring their claims as state common-law claims are clearly an impermissible 'end run' around the [Act]."); *Johnson v. Prospect Waterproofing Co.*, 813 F. Supp. 2d 4, 9 (D.D.C. 2011) ("[A]s courts in this circuit and elsewhere have concluded, plaintiffs cannot get around the administrative prerequisites of the [Davis–Bacon] Act simply by dressing up their claim in new language and asserting that it arises under state law."); *accord Castro v. Fid. & Deposit Co. of Md.*, 59 F. Supp. 3d 9, 15 (D.D.C. 2014); *Horne v. Scott's Concrete Contractor, LLC*, Civ. Action No. 12-cv-01445-WYD-KLM, 2013 WL 3713905, at *8 (D. Colo. Apr. 24, 2013), *adopted as modified*, 2013 WL 3713653 (D. Colo. July 16, 2013); *Miccoli v. Ray Commc'ns, Inc.*, No. CIV.A. 99-3825, 2000 WL 1006937, at *3 (E.D. Pa. July 20, 2000); *Eldred v. Comforce Corp.*, No. 3:08-CV-1171 (LEK/DEP), 2010 WL 812698, at *7 (N.D.N.Y. Mar. 2, 2010).[2]

In summary, then, to whatever extent Plaintiffs initially intended to pursue a claim for prevailing wages (an intent which, in light of their opposition brief, they have apparently abandoned), they have not plausibly demonstrated that they are entitled to any such recovery under the Davis–Bacon Act, nor have they have identified any other source of authority to support such a claim. Accordingly, as this litigation proceeds, the Court will disregard Plaintiffs' allegations concerning "scale" wages.

---

[2] Such end-runs around the Davis–Bacon Act are to be distinguished from situations in which plaintiffs identify a separate authority altogether for their prevailing-wage claims, such as a "little" Davis–Bacon statute. *See United States v. Clark*, 787 F.3d 451, 461 n.2 (7th Cir. 2015) (noting that thirty states have their own prevailing-wage laws), *cert. denied*, 136 S. Ct. 492 (2015). In fact, Maryland has a prevailing-wage statute that is similar in some respects to the Davis–Bacon Act. *See* Md. Code Ann., State Fin. & Proc. §§ 17-201 *et seq.* However, the Maryland statute applies primarily to public-works contracts awarded by the state and its instrumentalities/subdivisions, and then only to those contracts valued at $500,000 or more. §§ 17-202, -213. The Maryland statute further excludes from coverage the "part of a public work contract for which the federal government provides money if, as to that part, the contractor is required to pay the prevailing wage rate as determined by the United States Secretary of Labor." *See* §17-202(b)(2).

*IV. Conclusion*

For the foregoing reasons, an Order shall enter GRANTING Defendant's Partial Motion to Dismiss (ECF No. 5).

DATED this 2nd day of August, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge