## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims (the "Agreement") is made by and between (1) Plaintiffs Timothy Johnson and Derrick Love ("PLAINTIFFS") and (2) Defendant SYSTEMS CONNECTION OF MARYLAND, INC. ("DEFENDANT"), collectively referred to as the "Parties."

**WHEREAS**, PLAINFIFFS allege that they worked overtime and were not compensated for such hours.

**WHEREAS**, on or about March 3, 2016, Plaintiffs Timothy Johnson and Vincent Smith filed a class action complaint in the United States District Court for the District of Maryland, Case No. 1:16-cv-00630-JKB. Plaintiff Derrick Love joined the case on May 13, 2016. Plaintiff Vincent Smith did not participate in the lawsuit.

**WHEREAS**, DEFENDANT has denied the allegations raised in the Lawsuit and states that PLAINTIFFS have been paid properly for all hours worked.

**WHEREAS**, the Parties desire to enter into this Agreement to resolve all issues related to the Lawsuit.

**NOW, THEREFORE** in consideration of the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1. *Recitals.* The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. *Consideration.* In return for the promises in this Agreement, DEFENDANT will pay to PLAINTIFFS $19,500.00 ("the Payment"). The Payment shall be provided as follows:

(1) $3,000.00 total will be paid to PLAINITFF JOHNSON. $1,500.00 will be subject to deductions and withholdings and PLAINTIFF JOHNSON shall receive an IRS Form W-2 reflecting this payment. $1,500.00 will be paid as a lump sum without deductions and PLAINTIFF JOHNSON shall receive an IRS Form 1099 reflecting this payment.;

(2) $5,000.00 total will be paid to PLAINTIFF LOVE. $2,500.00 will be subject to deductions and withholdings and PLAINTIFF LOVE shall receive an IRS Form W-2 reflecting this payment. $2,500.00 will be paid as a lump sum without deductions and PLAINTIFF LOVE shall receive an IRS Form 1099 reflecting this payment.; and

(3) $11,500.00 will be paid to the Law Offices of Peter T. Nicholl, counsel for PLAINITFFS, and shall not be subject to any deductions or withholdings. The Law Offices of Peter T. Nicholl shall receive an IRS Form 1099 reflecting this payment. PLAINTIFF JOHNSON and PLAINTIFF LOVE will receive an IRS Form 1099 reflecting equal shares of the fees.

The checks will be forwarded to counsel for PLAINITFFS within thirty (30) business days after the Court enters an Order accepting the settlement and dismissing this case.

3. *__No Consideration Absent Execution of this Agreement.__* PLAINTIFFS understand that DEFENDANT will not be obligated to forward any Settlement Payment provided for in this Agreement unless and until DEFENDANT signs this Agreement and agrees to fulfill the promises contained herein.

4. *__No Other Entitlement.__* PLAINTIFFS acknowledge that they are not entitled to any compensation, benefits, or other payments except as set forth in this Agreement. PLAINTIFFS agree that they have been properly compensated for all hours worked and that they are not due any additional compensation under the Fair Labor Standards Act or Maryland's Wage and Hour Laws.

5. *__General Release of Claims and Promise Not to Sue.__* In consideration of the payment set forth above, PLAINTIFFS hereby release and forever discharge DEFENDANT from any claim, demand, right, action or cause of action, of whatever nature or kind, in law, equity, administrative proceedings, or otherwise, whether based upon any law, statute, ordinance, rule, regulation, common law, or otherwise, or any entitlement to attorneys' fees, costs or expenses, and from any other matter under any other theory, whether known or unknown, suspected or claimed, liquidated or unliquidated, absolute or contingent, which arose or occurred at any time prior to the date PLAINTIFFS signed this Agreement, including, but not limited to, any claim, demand, right, or cause of action relating in any way to PLAINTIFFS' employment, or the termination thereof, by DEFENDANT. Without restricting the foregoing, this Release includes: (1) any claim brought under any federal, state, or local fair employment practices law, including, but not limited to: Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA); the Employee Retirement Income Security Act (ERISA), the Fair Labor Standard Act (FLSA) and the Equal Pay Act (EPA); (2) any claim brought under any state or federal law regarding wages, benefits, or employment practices; (3) any contract claims; (4) any intentional or unintentional tort claims, including, but not limited to: defamation, libel, slander, abusive or wrongful discharge, fraud or misrepresentation; and (5) any claims alleging retaliation and/or any whistleblower claims. This release does not have any effect on the DEFENDANT'S obligations under this Agreement, any claims PLAINTIFFS are prohibited by law from waiving, or any right or claim that may arise after this Agreement is executed. For purposes of this paragraph, "DEFENDANT" shall include its affiliates, parent, subsidiaries, present and former officers, agents, directors, employees, shareholders and board members, and representatives or agents of Systems Connection of Maryland, Inc.; and "PLAINTIFFS" shall include PLAINTIFFS' agents, representatives, successors, heirs and assigns.

6. *__No Re-employment.__* PLAINTIFFS agree that in exchange for the consideration identified in Paragraph 2, they will not apply or reapply for employment with DEFENDANT and/or its affiliates that are known to him at the time he makes application for employment. The Parties acknowledge that DEFENDANT has no obligation to re-employ PLAINTIFFS.

7. *__Governing Law and Interpretation.__* This Agreement shall be governed in accordance with the laws of the State of Maryland.

8. *__No Admission of Wrongdoing.__* PLAINTIFFS agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by DEFENDANT of any liability or unlawful conduct of any kind.

9. *Voluntary Agreement.* By voluntarily executing this Agreement, PLAINTIFFS confirm that they are relying upon their own judgment and the advice of any attorney they have consulted, and not on any recommendations or representations of DEFENDANT or any of its agents or representatives. By voluntarily executing this Agreement, PLAINTIFFS confirm their competence to understand and do hereby accept all terms and conditions of this Agreement as resolving fully all differences, disputes, claims, and potential claims between PLAINTIFFS and DEFENDANT.

10. *Amendment.* This Agreement may not be modified, altered, or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

11. *Entire Agreement; Binding Effect.* This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. PLAINTIFFS acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with the decision to accept this Agreement, except for those set forth in this Agreement.

12. *Severability.* Each provision of this Agreement shall be considered severable. If any provision contained herein is held to be void, illegal, or unenforceable, such illegality or unenforceability shall not affect any of the other provisions herein, and the remaining provisions of this Agreement will continue to be given full force and effect, unless the absence of that provision materially alters the rights and obligations of the Parties.

13. *Remedies for Breach.* In the event that any Party brings an action against the other Party based on any claim released by this Agreement, DEFENDANT may plead this Agreement in bar to any such action. Parties further acknowledge that the remedies at law for a breach or threatened breach of any of the provisions of this Agreement would be inadequate; in recognition of this fact, the Parties agree that in the event of a breach or threatened breach of this Agreement, in addition to any remedies at law, a Party, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, a temporary restraining order, a temporary or permanent injunction, or any other equitable remedy which may then be available.

14. *Section Headings.* Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. *Counterparts.* The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily execute this Settlement Agreement and Mutual Release of All Claims as of the dates set forth below.

[Signatures are on next page.]

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**

DEFENDANT SYSTEMS CONNECTION
OF MARYLAND, INC.

By: _____
Name: Stephen P. Warnick
Title: Vice Pres.

Date: 4/7/17

PLAINTIFF TIMOTHY JOHNSON

_____
Date: 3-21-2017

PLAINTIFF DERRICK LOVE

_____
Date: 3/24/2017